UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| DIEDRIE BETTY HULSHOF, et al., | )<br>) |
| Plaintiffs, | ) Case No. 4:05-cv-152<br>) |
| v. | ) Honorable Robert Holmes Bell<br>) |
| GEORGE JURKAS, et al., | )<br>) **MEMORANDUM OPINION** |
| Defendants. | )<br>) |

This civil rights action brought under 42 U.S.C. § 1983 is before the court on plaintiffs' objections to the report and recommendation of the magistrate judge. By order of reference entered January 17, 2006 (docket # 10), this court referred this action to the magistrate judge for all pretrial purposes. The order directed the magistrate judge to file a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). Because plaintiff Robert Dale Bolt, Sr. is a state prisoner, the claims in the complaint were subject to initial screening pursuant to the Prison Litigation Reform Act. 28 U.S.C. § 1915A. The claims brought by plaintiff Diedrie Hulshof are also subject to initial screening, because she is proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(2). The claims of the remaining plaintiff are subject to dismissal for failure to state a claim, so long as plaintiff receives notice and an opportunity to respond or amend. *See Tingler v. Marshall*, 716 F.2d 1109, 1112 (6th Cir. 1983). Acting pursuant to the order of reference, the magistrate judge conducted a review of the claims in the complaint and issued a recommendation that all claims be dismissed for failure to state a claim upon which relief can be granted. Presently

before the court is plaintiffs' motion to dismiss the report and recommendation (docket # 26), which the court will construe as properly lodged objections. Objections to the report and recommendation of a magistrate judge are accorded *de novo* review. FED. R. CIV. P. 72(b).

Plaintiffs' principal objection appears to be that the magistrate judge was not granted plenary jurisdiction over this matter and therefore had no authority to issue the report and recommendation. Plaintiffs are mistaken. Although the parties did not confer plenary jurisdiction on the magistrate judge pursuant to 28 U.S.C. § 636(c)(1), this court's order of reference indeed empowered the magistrate judge to issue a report and recommendation on all dispositive matters, pursuant to 28 U.S.C. § 636(b)(1)(B). The consent of the parties was not necessary. Consequently, the objection to the authority of the magistrate judge to issue the report and recommendation is frivolous.

The report and recommendation carefully analyzed each aspect of plaintiffs' complaint. The magistrate judge correctly concluded that any challenge to the incarceration of plaintiff Bolt must be brought by habeas corpus petition and that any claim for damages or injunctive relief arising from the alleged unlawfulness of his conviction is barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiffs' objections ignore this point.

The report and recommendation correctly concluded that plaintiff's claims arising under the state Freedom of Information Act allege no cognizable federal claim under section 1983. Although plaintiffs continue to press their FOIA claim, they do not explain how this court has jurisdiction to hear it or why any federal issue is involved. Likewise, the magistrate judge correctly determined that the federal Freedom of Information Act does not apply to the county defendants named in this action.

Finally, the magistrate judge properly analyzed plaintiffs' claims under the federal Constitution and the Indian Child Welfare Act. Plaintiffs' objections, to the extent that the are intelligible, do not undermine any of the conclusions reached by the magistrate judge.

## Conclusion

On *de novo* review of plaintiffs' complaint and the objections lodged to the report and recommendation of the magistrate judge, the court determines that plaintiffs' complaint is indisputably meritless and fails to state any claim upon which relief can be granted. An order will therefore enter dismissing the complaint with prejudice.


Date:   October 13, 2006                    /s/ Robert Holmes Bell
                                            ROBERT HOLMES BELL
                                            CHIEF UNITED STATES DISTRICT JUDGE